William J. JOYCE et al., Plaintiffs,

v.

JOYCE BEVERAGES, INC., et al., Defendants.

No. 76 CIV. 5846(MP).

United States District Court,
S. D. New York.

April 28, 1977.

Katten, Muchin, Gitles, Zavis, Pearl & Galler, Chicago, Ill., for plaintiffs; Chadborne, Parke, Whiteside & Wolff, New York City, of counsel.

Shea, Gould, Climenko & Casey, New York City, for defendants.

## DECISION

POLLACK, District Judge.

Defendants move, pursuant to Fed.R. Civ.P. 12(b)(6) and 9(b) for a dismissal of the complaint for failure to state a sufficient claim for relief and failure to plead with particularity any circumstances constituting fraud.

■ On April 30, 1973 plaintiffs exchanged their common stock in four "Seven-Up" bottling companies ("Operating Companies") incorporated in the State of Illinois for shares in Joyce Beverages, Inc. ("JBI") incorporated in the State of Delaware, pursuant to an Agreement and Plan of Reorganization.[1] The offer for the exchange was made by mail, and was accompanied by a document labeled "Information Statement". Having been annexed to the complaint, that may be considered hereon. Wright & Miller, *Federal Practice and Procedure:* Civil § 1357 at 604.

Plaintiffs seek rescission of the exchange and damages on the ground that the offer omitted and misstated material facts with intent to defraud the plaintiffs in violation of section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder.

### Material omissions charged

1. That: the Information Statement failed to say that the New York Seven-Up Bottling Co., one of the four Operating Companies was financially weaker than the other three; that the Chairman of the Board of Directors, defendant John Joyce, and the General Counsel of JBI, defendant William Collier, who also was a director of JBI and of the Operating Companies, intended by the Plan to facilitate JBI loans to the New York company out of funds generated by the other Operating Companies.

2. That: the Information Statement suggested to the plaintiffs that Rule 144 of the General Rules and Regulations under the Securities Act of 1933 would be available to plaintiffs to market their JBI stock and such suggestion was incorrect because (a) JBI is not a registered company under the 1934 Act, and (b) JBI does not make public the information required by Rule 15C2–11 of the 1934 Act.

3. That: the Information Statement failed to disclose material differences between the rights of stockholders in Delaware and Illinois corporations in respect to (a) the percentage of votes required for approval of major corporate actions, (b) the manner of filling vacancies on the Board, (c) appraisal rights in connection with sale of corporate assets, and (d) rights of indemnification of directors and officers for their corporate acts.

None of the asserted omissions or representations is sufficient to warrant entertaining this litigation.

■ The recitation in the Statement of the purpose of the Plan was, to reorganize

---

1. This suit was filed three years and eight months after the exchange in which plaintiffs participated fully. Plaintiff William J. Joyce became and is a director and largest stockholder of JBI.

the [Operating] Companies under common ownership in order to achieve economies in administration and permit greater strength and flexibility including the purpose to permit financing to be obtained more easily and at lower costs from the consolidated strength of the assets of the four Companies.

Since there was no representation in the Information Statement that the four Operating Companies had the identical financial strength, (indeed the financial data set out specifically indicated the contrary), it can hardly be claimed that it was fraudulent to fail to mention the obvious that the companies were of unequal strength and that the weakest would benefit from a consolidation with the other three.

■ The statement issued concerning Rule 144 which is as follows does not omit material fact. nor does it contain material misstatement:

> Shares of common stock of Joyce (JBI) received by stockholders of the Companies pursuant to the Plan must be held indefinitely unless they are subsequently registered under the Act or an exemption from such registration is available. Rule 144 under the Act permits resale of shares so restricted to be made in limited quantities after the shares have been beneficially owned for two years in accordance with the terms and conditions of that Rule. Stockholders should consult their investment advisors for detailed information as to the operation and availability of Rule 144.

■ The corporate rights of stockholders provided for in statutes of the states of incorporation are adequately described by reference to the identity of the states involved. Where the names of the states of incorporation are set forth the reader is charged with constructive notice of the relevant statutes. The omission of a comparison thereof in an exchange offer is not an omission of matter on which a 10b–5 claim may be mounted for a recovery.

There is no duty to render legal advice to the reader of an exchange offer; an omission of legal advice is not fraudulent. *Vohs*

*v. Dickson,* 495 F.2d 607, 625 (5th Cir. 1974). In *Vohs v. Dickson, supra,* an employee sold his unregistered stock in his corporate employer to a fellow employee. The purchasing employee claimed that the seller had violated 10b–5 by not advising her that the stock must be purchased with a non-distributive intent in order to escape the federal registration requirements upon a subsequent resale.

> The Court rejected this claim, stating: Federal law makes it fraudulent to misrepresent or omit material *facts* in respect to a sale of securities.

> \* \* \* \* \* \*

> The important point . . . is that whether or not plaintiffs had to take the stock with non-distributive intent is not a matter of fact—material or otherwise; it is a matter of law. *Rule 10b–5 cannot be construed to require a prospective seller of securities to give his prospective buyers legal advice on technical matters* arising under the federal securities law. If the buyer is aware of the material facts—[unregistered stock]—he should be as aware of the *legal consequences* of those facts as his seller. Id. at 625. (Emphasis supplied)

*Cf. Ash v. LFE Corp.,* 525 F.2d 215, 220 (3d Cir. 1975). "No case has been called to our attention requiring disclosure of speculative issues of state corporation law in a proxy solicitation." *See also, Nanfito v. Tekseed Hybrid Co.,* 341 F.Supp. 240, 243, 245, (D.Neb.1972), *aff'd,* 473 F.2d 537 (8th Cir. 1973).

The complaint is dismissed for insufficiency in the respects claimed in the notice of motion.

SO ORDERED.